14-2241
*In Re: TVIX Securities Litigation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
GERARD E. LYNCH,
*Circuit Judges*.

_____

ELITE AVIATION LLC, ENDLESS H3,

*Plaintiffs-Appellants*,

DAVID SCHOTTENSTEIN, Individually and on behalf of all others similarly situated,

*Plaintiff*,

WILLIAM BOSTEDO, Individually and on Behalf of All others Similarly Situated, GRACE TRADING, LLC, ANN NICOLOSI, Individually and on behalf of all other similarly situated,

*Consolidated-Plaintiffs*,

v.                                          No. 14-2241

CREDIT SUISSE AG, RENATO FASSBIND, CREDIT SUISSE SECURITIES (USA) LLC, PAUL J. O'KEEFE, HANS-ULRICH DOERIG, BRADY W. DOUGAN, D. NEIL RADEY, WALTER B. KIELHOLZ, PETER BRABECK-LETMATHE, THOMAS W. BECHTLER, ROBERT H. BENMOSCHE, NOREEN DOYLE, JEAN LANIER, ANTON VAN ROSSUM, AZIZ R.D. SYRIANI, DAVID W. SYZ, ERNST TANNER, RICHARD E. THORNBURGH, PETER F. WEIBEL,

*Defendants-Appellees*,

NICHOLAS CHERNEY, VELOCITYSHARES LLC, RICHARD HOGE, VLS SECURITIES LLC,

*Consolidated-Defendants–Appellees*.

---

FOR APPELLANTS:      MARK C. RIFKIN (Matthew M. Guiney, *on the brief*), Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY.

FOR APPELLEES:       JAMES H.R. WINDELS (Emmet P. Ong, Melissa C. King, Scott A. Eisman, *on the brief*), Davis Polk & Wardwell LLP, New York, NY.

---

Appeal from the United States District Court for the Southern District of New York (Swain, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the district court be and

hereby is **AFFIRMED.**

Plaintiffs-Appellants Elite Aviation LLC and Endless H3 appeal from an order and judgment dismissing their complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] *See In re TVIX Secs. Litig.*, ___ F. Supp. 2d ___, 2014 WL 2575776 (S.D.N.Y. June 9, 2014). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs in this putative class action allege that they purchased Velocity Shares Daily 2x VIX Short Term Exchange Traded Notes (TVIX ETNs) pursuant to a Registration Statement, Prospectus, Pricing Supplement, and a February 2012 Press Release issued by Defendant Credit Suisse that contained misstatements or omissions of material fact in violation of Sections 11 and 15 of the Securities Act, 15 U.S.C §§ 77k, 77o.

In assessing the materiality of an alleged misstatement, we consider "[w]hether the defendants' representations, taken together and in context, would have misled a reasonable investor." *In re Morgan Stanley Info. Fund Secs. Litig.*, 592 F.3d 347, 360 (2d Cir. 2010). "It is not sufficient to allege that the investor

---

[1] The standard of review is neither in dispute nor determinative in this matter. This Court reviews a district court's dismissal under Rule 12(b)(6) de novo, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706, 715 (2d Cir. 2011).

might have considered the misrepresentation or omission important." *In re ProShares Trust Secs. Litig.*, 728 F.3d 96, 102 (2d Cir. 2013) (internal quotation marks omitted)

First, Plaintiffs allege that the Pricing Supplement contained material misstatements regarding the risk of holding TVIX ETNs for longer than one trading session. In particular, Plaintiffs point to a series of hypothetical examples projecting performance of TVIX ETNs over a twenty-year period and references to a "cash payment at maturity" and the "path of daily returns" as suggesting that the TVIX ETNs could or should be held longer than a single trading day. However, the Pricing Supplement clearly disclosed in numerous, repeated, sometimes boldfaced warnings that the ETNs were short-term trading vehicles designed to achieve their stated investment objectives only on a daily basis and that the investment's value was likely to erode if held for longer periods. The hypothetical examples—prefaced by extensive disclaimers—could only be viewed as examples of the effects of various market factors on the ETNs and did not suggest that they were an appropriate long-term investment. Neither the hypothetical examples nor the other language cited by Plaintiffs undercuts the

4

resounding theme of the Pricing Supplement that the ETNs are unsuitable for any investment period longer than a single day. *Id.* at 106.

Second, a subclass of Plaintiffs that purchased TVIX ETNs during a period in which Credit Suisse had suspended new issuances alleges that the offering documents and February Press Release omitted material information regarding the risk of purchasing TVIX ETNs during the suspension period. However, the Pricing Supplement and Press Release explained Credit Suisse's complete discretion over the issuance or nonissuance of new ETNs and that the temporary suspension of new issuances might cause the ETN's market value to trade at values that differed significantly from the ETN's indicative value. No reasonable investor could have read these materials without realizing the risk inherent in purchasing TVIX ETNs at inflated prices in the secondary market during the suspension period.

"To establish section 15 liability, a plaintiff must first show a primary violation of section 11. Having affirmed the dismissal of Plaintiffs' section 11 claims, we also affirm the dismissal of their section 15 claims." *Id.* at 108 (citations and alterations omitted).

We have considered all of Plaintiffs' arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk